ALSD Local 102 (Rev. 08/15) Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Alabama

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person to be tracked or describe<br>the object or property to be used for tracking)*<br>A WHITE, 2004 FORD EXPLORER XLS, LICENSE PLATE NUMBER ▬▬▬, VIN # ▬▬▬ | ) ) ) ) ) ) ) Case No. 19-MJ-101-B |

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of __21__ U.S.C. § __841(1)(a)__. Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

- ☑ The person, property, or object is located in this district.
- ☐ The person, property, or object is not now located in this district, but will be at the time of execution.
- ☐ The activity in this district relates to domestic or international terrorism.
- ☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

- ☑ evidence of a crime;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
A WHITE, 2004 FORD EXPLORER XLS, LICENSE PLATE NUMBER ▬▬▬ VIN # ▬▬▬, the ▬▬▬ Al.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*
James Overstreet, DEA
*Applicant's printed name and title*

Sworn to before me and attestation acknowledged pursuant to FRCP 4.1.

Date: May 29, 2019

City and state: Mobile, Alabama

_____
*Judge's signature*
Sonja F. Bivins, US Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE TRACKING OF A WHITE, ███ FORD EXPLORER ███ LICENSE PLATE NUMBER ███, VIN # ███████████ | Case No. 19-MJ-101-B <br><br> **Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, James Overstreet, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117 to authorize the installation and monitoring of a tracking device on a WHITE, ███FORD EXPLORER ███ bearing license plate number ███ and vehicle identification number ███████ ("the SUBJECT VEHICLE"). Based on the facts set forth in this affidavit, I believe that the SUBJECT VEHICLE is presently being used in furtherance of 21 United States Code, Section 841(a)(1)(A) and 21 United States Code, Section 846 and that there is probable cause to believe that the installation of a tracking device on the SUBJECT VEHICLE and use of the tracking device will lead to evidence, fruits, and instrumentalities of the aforementioned crimes as well as to the identification of individuals who are engaged in the commission of those and related crimes.

2. I am a Special Agent with the Drug Enforcement Administration (DEA), has been employed with the DEA as a Special Agent for over (14) fourteen years, and I am currently assigned to the New Orleans Field Division (NOFD), Mobile Resident Office (MRO). I am a Special Agent of the United States Drug Enforcement Administration within the meaning of

Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for offenses enumerated in Section 2516 of Title 18.

3. Prior to my current assignment with DEA, I was stationed in Eagle Pass, Texas which is located on the US / Mexico Border for approximately seven years, and have been in my current assignment for over five years. Prior to working for DEA, I was employed as a Federal Agent for the United States Border Patrol and stationed in San Diego, California since 2003.

4. Pursuant to my employment with the DEA, I have received training in the conduct of drug dealers and related investigations, to include the manufacture of certain types of illegal drugs. I have received law enforcement related training including narcotic identification and investigation, and training in conducting investigations utilizing historical and real-time information from cellular phones and cell phone providers and tracking devices.

5. I also have experience in debriefing defendants, confidential sources of information, witnesses and other persons having personal experience and knowledge of the acquisition, transportation and distribution of illegal controlled substances. Through my training and experience, I have found that drug dealers frequently have large sums of currency on hand; this is because of the inherent nature of illegal drug sales. Drug dealers are wary of detection and frequently avoid depositing large sums of cash into bank accounts where records would be kept and possibly discovered by law enforcement and/or the U.S. Government. They also frequently take cash proceeds from their illegal drug sales and purchase expensive electronics, jewelry, vehicles, and make expensive modifications to vehicles. Drug dealers also frequently maintain records of their drug transaction in furtherance of their illegal business. These records are often written or located on computer hard drives that the drug dealers use

6. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

7. The United States, including the Drug Enforcement Administration (DEA) Mobile Resident Office, is conducting a criminal investigation of ▮▮▮▮▮▮▮▮ regarding possible violations of 21 United States Code, Section 841(a)(1)(A) and 21 United States Code, Section 846.

Background

8. The Drug Enforcement Administration (DEA) Mobile Resident Office is investigating distributers of heroin within the Southern District of Alabama. Within the last 12 months, in the District, several drug overdoses linked to heroin occurred. Based on the information discussed below, the I believe that ▮▮▮▮▮▮▮▮ is a distributor of heroin and is violating 21 United States Code, Section 841(a)(1)(A) and 21 United States Code, Section 846.

▮▮▮▮▮▮▮▮ Narcotics Activities

9. On ▮▮▮▮▮ in the Southern District of Alabama, law enforcement detained an individual, identified herein as DEA Controlled Source (CS) number 1, for possession of a controlled substance, heroin.[1] CS #1 informed DEA agents that he/she had purchased the heroin from ▮▮▮▮▮▮▮▮ The CS #1 also stated that the CS #1 had traveled with ▮▮

---

[1] Based on my 17 years of law enforcement experience and special training I have received since working as a Special Agent with the DEA, I believe that based on the packaging, odor, texture, and characteristics of the substance possessed by CS-1 on ▮▮▮▮▮ to be consistent with a controlled substance, heroin.

from Mobile County to Baldwin County on several occasions to meet the heroin source of supply to complete the narcotic transactions. After speaking with DEA agents, CS #1 agreed to place a call to ▇ and arrange the purchase of heroin from ▇. On ▇, CS #1 placed a call to ▇ who at the time was using cellular telephone assigned call number ▇. In this call, CS #1 asked whether ▇ had heroin. ▇ informed CS #1 that he ▇ at this time did not. ▇ added that his suppliers, who are located in Baldwin County, were out of town, possibly in ▇. ▇ further added that they ▇ suppliers) had left yesterday ▇ and probably they ▇ suppliers) had gotten there (to Illinois) today ▇. Before concluding the conversation, ▇ informed CS #1 that he would get in touch with CS #1 once he had heroin.

10. Based on my training and experience and my conversation with CS #1, I believe that in the above call, ▇ informed CS #1 that ▇ did not have heroin. Further, ▇ informed CS #1 that ▇ sources of supply had travel to ▇ to pick up heroin.

11. On ▇ CS #1 provided DEA agents a description of the vehicle used by ▇ and informed the agents that ▇ uses the vehicle to transport heroin. CS #1 identified ▇ car as a ▇ Ford Explorer ▇. On ▇, DEA physical surveillance of ▇ revealed ▇ driving a white, ▇ Ford Explorer ▇ bearing Alabama license plate ▇. According to Alabama Motor Vehicles' Records, Alabama license plate ▇ is assigned to a white, ▇ Ford Explorer ▇ with VIN number ▇ and registered to ▇.

12. On ▇, DEA agents observed ▇ white ▇ Ford Explorer ▇ bearing Alabama license plate ▇ parked in the driveway of ▇



Case 1:19-mj-00011-B *SEALED* Document 1 Filed 05/31/19 Page 6 of 9 PageID #: 6

■. This location is within the Southern District of Alabama. According to CS #1, ■ regularly uses the white, ■ Ford Explorer ■ bearing Alabama license plate ■

    13.    Based on this heroin distribution organization's methods of operation and my experience investigating heroin distributers within the Southern District of Alabama, I believe that this organization uses vehicles to transport heroin to the Southern District of Alabama and distributes the heroin within the District, as reflected in the call between CS #1 and ■ As such, I believe that ■ as a member of this heroin distributing organization, uses the white, ■ Ford Explorer ■ bearing Alabama license plate ■ to transport heroin within the district.

    14.    Based on information provided by CS #1 and physical surveillance performed by law enforcement, described above, I know that the SUBJECT VEHICLE is presently within Southern District of Alabama.

    15.    In order to track the movement of the SUBJECT VEHICLE effectively and to decrease the chance of detection, I seek authorization to place a tracking device on the SUBJECT VEHICLE while it is in the Southern District of Alabama. Because ■ sometimes parks the SUBJECT VEHICLE in the driveway of ■ and on other private property, it may be necessary to enter onto private property to effect the installation, repair, replacement, and removal of the tracking device.

    16.    To ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, it is requested that the court authorize installation, maintenance, and removal of the tracking device during both daytime and nighttime hours. ■ ■ parks the SUBJECT VEHICLE, is an exposed area within a residential neighborhood. Therefore, the chance of surreptitiously installing the tracking device



during day-time hours is close to impossible. In addition, it has been my experience that many narcotics traffickers carry firearms to protect themselves against theft and or rival narcotics traffickers.

17. In the event the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period not to exceed 45 days following issuance of the warrant. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

## AUTHORIZATION REQUEST

18. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes members of the Drug Enforcement Administration or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to install a tracking device on the SUBJECT VEHICLE within Southern District of Alabama within 10 days of the issuance of the proposed warrant, to maintain, repair, and/or replace the tracking device as necessary, and to remove the tracking device from the SUBJECT VEHICLE after the use of the tracking device has ended; to install, maintain, and remove the tracking device during both daytime and nighttime hours; to surreptitiously enter the ▆▆▆▆▆▆▆▆▆▆ or any other private property on which the SUBJECT VEHICLE is parked; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Southern District of Alabama.

19. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

20. I further request that the Court seal the warrant and the affidavit and application in support thereof, except that copies of the warrant in full or redacted form may be maintained by the United States Attorney's Office and may be served on Special Agents and other investigative and law enforcement officers of the Drug Enforcement Admiration, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, as necessary to effectuate the warrant. These documents pertain to and discuss an ongoing criminal investigation that is neither public nor known to all the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation. Sealing these documents will also better ensure the safety of agents and others.

Respectfully submitted,

James G. Overstreet
Special Agent
Drug Enforcement Administration
U.S. Department of Justice

THE ABOVE AGENT HAS ATTESTED
TO THIS AFFIDAVIT PURSUANT TO
FED. R. CRIM. P. 4.1(b)(2)(B) THIS 29th
DAY OF MAY 2019

_____
SONJA F. BIVINS
UNITD STATES MAGISTRATE JUDGE